IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN JOSEPH MCVEIGH        :
                           :
                           :
    v.                     :         Civil No. CCB-13-65
                           :
                           :
DOROTHY MCVEIGH, et al.    :

**MEMORANDUM**

Plaintiff John Joseph McVeigh filed this action for interpleader under 28 U.S.C. § 1335 seeking to resolve the ownership of several Series EE Savings Bonds. The paper bonds are currently in the plaintiff's physical custody, but they are registered to defendants Dorothy McVeigh and Andrew McVeigh as co-owners. (*See* Complaint, ECF No. 1.)

After John McVeigh moved to deposit the paper savings bonds into the court registry (ECF No. 2), a number of answers and motions were filed. The government requested in its answer that its federal tax lien be foreclosed on the bonds to the extent of Andrew McVeigh's interest in them and that the bonds "be sold and the proceeds distributed to the United States to the extent of its claim." (ECF No. 8.) Wanda Childress McVeigh answered and cross claimed against her former husband Andrew McVeigh, alleging breach of contract, breach of fiduciary duty, and conversion. (ECF No. 12.) Guglielmo Fittante answered and requested that his $180,000 judgment against Andrew McVeigh be foreclosed on the savings bonds to the extent of Andrew McVeigh's interest in them. (ECF No. 14.) Dorothy McVeigh and Andrew McVeigh answered and counter claimed against John McVeigh, denying that this court has jurisdiction and seeking indemnification for damages, costs, disbursements, and attorney fees associated with the present action and claiming breach of fiduciary duty and conversion. (ECF No. 24.) On May 7,

1

2013, Dorothy McVeigh moved to dismiss the interpleader action for lack of jurisdiction. (ECF No. 33.) This motion was opposed by the United States and John McVeigh. Further, John McVeigh filed a motion to dismiss the counterclaim. (ECF No. 39.) The case was stayed for settlement discussions (ECF No. 43), but the parties were unable to reach "a mutually acceptable settlement." (ECF No. 49.)

Section 1335 provides that this court shall have original jurisdiction over an action for interpleader only if the plaintiff has "in his . . . custody or possession money or property of the value of $500 or more"; has "issued a note, bond, certificate, policy of insurance, or other instrument"; or is "under any obligation written or unwritten to the amount of $500 or more." 28 U.S.C. § 1335. The plaintiff must have custody or possession of the actual money or property in dispute.[1] *See Lowery v. Brand*, 711 F. Supp. 298, 301 (E.D. Va. 1989); *see also General Atomic Co. v. Duke Power Co.*, 553 F.2d 53, 57 (10th Cir. 1977) ("The essential aspect is that the res be under the control of the person bringing the lawsuit, so as to be deliverable to the registry of the court.").[2]

Savings bonds are contracts between the registered owners of the bonds and the United States; proceeds from the bonds are paid directly from the U.S. Treasury to registered owners (or, in certain circumstances, other parties), and ownership of the bonds is conclusively demonstrated by their registration. *See* 31 C.F.R. § 315.5; .15; .21; *Rotman v. United States*, 31 Fed. Cl. 724, 724-25 (1994); *see also Silverman v. McGinnes*, 259 F.2d 731, 732 (3d Cir. 1958)

---

[1] Minimal diversity also is required, but the existence of diversity has not been challenged by the parties. *Lowery v. Brand*, 711 F. Supp. 298, 300 (E.D. Va. 1989).

[2] As stated, § 1335 also ordinarily requires the plaintiff to deposit the money or property at issue in an interpleader action into the registry of the court. In fact the court cannot accept savings bonds into its registry because the Clerk cannot liquidate and invest the bonds; the Clerk could only hold them in the court vault.

(discussing regulations). As stated by the Third Circuit in *Silverman*, "the primary purpose of the Treasury Department regulations is to prevent the Government from being involved in suits between claimants to Government bonds." 259 F.2d at 734. Accordingly, when a court determines adverse claims affecting savings bonds, "[t]he Department of Treasury will not recognize a judicial determination that gives effect to an attempted voluntary transfer inter vivos of a bond, or a judicial determination that impairs the rights of survivorship conferred by [the Treasury] regulations." 31 C.F.R. § 315.20(a). The Treasury will only "recognize a claim *against an owner of a savings bond* and conflicting claims of ownership of, or interest in, a bond *between coowners or between the registered owner and the beneficiary*, if established by valid, judicial proceedings . . . ." *Id.* § 315.20(b) (emphasis added); *see also id.* § 315.23 (identifying the evidence needed "[t]o establish the validity of judicial proceedings" on adverse claims affecting savings bonds).

In this case, the fact that plaintiff John McVeigh is in *physical* possession of the paper savings bonds does not convey any possessory or controlling interest in the actual value of the bonds. John McVeigh has no claim over the bonds; indeed, owner Dorothy McVeigh asked for them back, and after John McVeigh refused, he filed the current interpleader action. (ECF No. 24 at ¶¶ 14-16.) He is not an owner and did not issue the bonds; his name does not appear on them. Were John McVeigh to physically transfer the paper bonds to any other person or party, the rights of all the defendants, and any entitlement they might have to proceeds from the bonds, would remain unchanged. Given John McVeigh's status in this case, he is not asking the court to resolve a claim against the owners of the bonds or to reconcile conflicting claims among him and other co-owners. This suit therefore involves the kind of judicial determination not recognized by the Treasury.

Moreover, interpleader is not appropriate for the current case, where depositing the bonds into the court registry would not relieve John McVeigh of additional potential liability. Ordinarily an interpleader action prevents a stakeholder from being subject to multiple and inconsistent claims by confining the litigation against him to one proceeding. *See Republic of Philippines v. Pimentel*, 553 U.S. 851, 871-72 (2008); *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967); *Humble Oil & Refining Co. v. Copeland*, 398 F.2d 364, 368 (4th Cir. 1968); *see also* § 1704 n.2, codified as a note to Fed. R. Civ. P. 22. In those situations, the target fund "marks the outer limits of the controversy." *Tashire*, 386 U.S. at 534. Here, Dorothy McVeigh and Andrew McVeigh counter claimed against John McVeigh for breach of fiduciary duty and conversion. Accordingly, even if John McVeigh deposited the bonds into the court registry, he may still be liable to Dorothy McVeigh and Andrew McVeigh. Thus, in the present case, the savings bonds do not represent the outer limits of the controversy.

To support their claim that the court has jurisdiction over the present dispute, John McVeigh and the government referenced a number of cases that do not control the outcome of the current case. John McVeigh cited *Heinicke Instruments Co. v. Republic Corp.*, 543 F.2d 700 (9th Cir. 1976), but reliance on this case is inapt. Heinicke, which brought the interpleader action, was the entity to issue the stock. *Id.* at 701. Likewise, the government's reliance on *Metropolitan Life Ins. Co. v. Mason*, 98 F.2d 668 (3d Cir. 1938), is misguided because the company that brought the interpleader issued the disputed policy. *Id.* at 668-69. The government's reliance on *Wertheimer v. Bank of Nova Scotia*, 140 F. Supp. 950 (S.D.N.Y. 1956), is also inappropriate because it was a bank—not an individual—that was charged with the safekeeping of the stock at issue and brought the interpleader action. *Id.* at 952. Furthermore, John McVeigh was in a position very different from the bank in *Wertheimer*. Owner Dorothy

McVeigh asked John McVeigh to return the bonds, so that he was no longer charged with their safekeeping. In *Wertheimer*, however, the defendant-bank was charged with the safekeeping of the stock at issue, and this fact "[did] not appear to be seriously disputed by plaintiff." *Id.* at 952. Finally, it bears mentioning that none of the cases cited by John McVeigh and the government to support their claim of jurisdiction involved paper savings bonds; all the cases involved either stock or the cash value of life insurance policies.

Accordingly, plaintiff John McVeigh had no standing to institute this action under § 1335, and it must be dismissed. A separate order follows.


September 26, 2013            _____/s/_____
Date                          Catherine C. Blake
                              United States District Judge